IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BLUEFIELD

UNITED STATES OF AMERICA

v.                                    CRIMINAL NO. 1:16-00215

RYAN EMANUEL GEORGE

## MEMORANDUM OPINION AND ORDER

In Charleston, on February 14, 2017, came the defendant, Ryan Emanuel George, in person and by counsel, Lex Coleman; came the United States by Miller A. Bushong, III, Assistant United States Attorney; and came United States Probation Officer Brett Taylor, for a hearing on the petition to revoke the defendant's term of supervised release.

The court informed the defendant of the alleged violations contained in the petition to revoke the term of supervised release, filed on November 22, 2016.  The court advised the defendant that, pursuant to Rule 32.1(b) of the Federal Rules of Criminal Procedure, he has the right to a hearing and assistance of counsel before his term of supervised release could be revoked.  Whereupon the defendant stipulated to the charges contained in the petition.  Thereafter, the court found the charges were established by a preponderance of the evidence.

Having heard arguments of counsel, the court found that the Guideline imprisonment range for the revocation of supervised

release upon such grounds was four to ten months with a new
supervised release term of thirty-six months, less any term of
incarceration imposed.  The court further found that the
Guideline ranges issued by the Sentencing Commission with
respect to revocation of probation and supervised release are
policy statements only and are not binding on the court.  Thus,
the court stated that the relevant statutory provision is 18
U.S.C. § 3583(e)(3), which provides a maximum term of
imprisonment of twenty-four months.  Neither party objected to
the Guideline range and statutory penalty as determined by the
court.  The court found that there was sufficient information
before the court on which to sentence defendant without updating
the presentence investigation report.

     After giving counsel for both parties and defendant an
opportunity to speak regarding the matter of disposition, the
court **ORDERED**, pursuant to the Sentencing Reform Act of 1984,
that the defendant's term of supervised release be revoked, and
he is to be incarcerated for a term of three months.  The court
also imposed a term of supervised release of twelve months
following the defendant's period of incarceration.  During his
period of supervised release, defendant shall comply with the
standard conditions of supervised release adopted by this court,
as well as any previously-imposed special conditions.  The court

also imposed the additional special conditions of supervised release:

1.  Defendant is to reside at Secor, Inc., a halfway house in Lebanon, Virginia, for a period of twelve months; and

2.  The defendant shall adhere to all rules and regulations of Secor, Inc. while he is a resident there.

The court finds no outstanding financial obligations.  The court recommends that the defendant be returned to FCI McDowell.

In considering the proper term of imprisonment to be imposed, the court considered the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7), as well as the Chapter 7 policy statements. The court considered all of the findings in the case, and concluded that the sentence satisfied the statutory objectives of 18 U.S.C. § 3553, and was sufficient, but not greater than necessary, to provide adequate deterrence to criminal conduct and protect the public from further crimes of the defendant.

The defendant was informed of his right to appeal the court's findings and the revocation of his supervised release. The defendant was further informed that in order to initiate such an appeal, a Notice of Appeal must be filed in this court

3

within fourteen days.  The defendant was advised that if he wishes to appeal and cannot afford to hire counsel to represent him on appeal, the court will appoint counsel for him.  The defendant was further advised that if he so requests, the Clerk of court will prepare and file a notice of appeal on his behalf.

The defendant was remanded to the custody of the United States Marshals Service.

The Clerk is directed to forward a copy of this Memorandum Opinion and Order to counsel of record, the United States Marshal for the Southern District of West Virginia, and the Probation Department of this court.

**IT IS SO ORDERED** this 16th day of February, 2017.

ENTER:

David A. Faber
Senior United States District Judge